UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGARITA NIEVES,

        Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**ORDER**

17 Civ. 6844 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Margarita Nieves filed this action on September 8, 2017, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's finding that she is not eligible for Disability Insurance Benefits and Supplemental Security Income ("SSI"). (Dkt. No. 1) On May 15, 2019, this Court referred this action to Magistrate Judge Barbara C. Moses. (Dkt. No. 17)

        On February 22, 2018, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Mot. (Dkt. No. 8)) On April 23, 2019, the Commissioner filed an opposition to Plaintiff's motion for summary judgment, and cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 11) On August 9, 2019, Judge Moses issued a Report and Recommendation ("R&R") recommending that the Court grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for summary judgment. (Dkt. No. 20) On August 23, 2019, Plaintiff filed an objection to the R&R. (Dkt. No. 21)

        For the reasons stated below, the Court will adopt the Magistrate Judge's R&R in its entirety, and will grant the Commissioner's motion for judgment on the pleadings.

## BACKGROUND

On February 24, 2014, and April 4, 2014, Plaintiff filed applications for Disability Insurance Benefits and SSI due to a left knee impairment and lower back pain. (R&R (Dkt. No. 20) at 1 (citing R. 11, 63-65, 73)).[1] The Social Security Administration ("SSA") denied those applications on July 10, 2014. (Id. at 1 (citing R. 63, 64, 89-103)). On July 16, 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Id. (citing R. 84-88) The hearing before the ALJ took place on April 8, 2016. (Id. (citing R. 27-62))

In an August 10, 2016 decision, the ALJ determined that Plaintiff was not disabled under the Social Security Act. (Id. (citing R. 20)) On September 9, 2016, Plaintiff requested that the SSA Appeals Council review the ALJ's decision. (Id.(citing R. 168)) On July 3, 2017, the SSA Appeals Council upheld the ALJ's decision. (Id. (citing R. 1-3))

Plaintiff filed this action on September 8, 2017, seeking review of the Commissioner's decision to deny her Disability Insurance Benefits and SSI. (Dkt. No. 1) On February 22, 2018, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Dkt. No. 8) She argues that (1) the ALJ's decision regarding Plaintiff's residual functional capacity is not sufficiently specific, because it does not address "the frequency and duration of [Plaintiff's] need to alternate between sitting and standing" (Pltf. Sum. J. Br. (Dkt. No. 9) at 12); (2) the ALJ incorrectly determined that Plaintiff's condition does not meet the SSA's listed impairments (id. at 14); and (3) the ALJ incorrectly discredited portions of the medical opinion evidence of a consultative internist, Carol McLean Long, M.D. (Id. at 15)

---

[1] Except for citations to the SSA Administrative Record, the page numbers referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

2

On February 23, 2018, the Commissioner filed an opposition to Plaintiff's summary judgment motion, and cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 12)

This case was originally assigned to the Hon. Robert W. Sweet. On May 23, 2018, Judge Sweet held oral argument on the parties' motions. (Dkt. Nos. 13, 14) Judge Sweet died on March 24, 2019, and the case was reassigned to this Court. On May 15, 2019, this Court referred this action to Judge Moses. (Dkt. No. 17) On May 24, 2019, the parties declined to reargue their cross-motions in front of Judge Moses. (Dkt. No. 19) On August 9, 2019, Judge Moses issued an R&R recommending that this Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion for judgment on the pleadings. (Dkt. No. 20)

Judge Moses concludes that (1) Plaintiff does not have an impairment that meets the severity of one of the SSA's listed impairments; (2) the ALJ's decision is sufficiently specific in addressing Plaintiff's residual functional capacity; and (3) the ALJ gave appropriate weight to Dr. Long's opinion. (Id. at 21-24, 25-29)

On August 23, 2019, Plaintiff filed an objection to Judge Moses's R&R. (Dkt. No. 21) Plaintiff contends that Judge Moses erred in concluding that the ALJ properly rejected that part of Dr. Long's opinion opining "that Plaintiff can only sit 2 hours total in an 8-hour day, 5 minutes at a time." (Id. at 5 (citing R. 709))

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Summary Judgment Standard

Summary judgment is warranted where the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a 'genuine issue' exists for summary judgment purposes

3

where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). In deciding a summary judgment motion, the Court "resolve[s] all ambiguities, and credit[s] all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Cifra v. G.E. Co., 252 F.3d 205, 216 (2d Cir. 2001).

### B. Rule 12(c) Standard

In deciding a motion brought under Fed. R. Civ. P. 12(c), courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).

### C. Review of a Magistrate Judge's R&R

In evaluating a Magistrate Judge's R&R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; Razo v. Astrue, No. 04 Civ. 1348 (PAC) (DF), 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991)). However, "the phrase de novo determination in section 636(b)(1), as opposed to de novo hearing, was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'"

4

Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980) (emphasis in original)).

### D. Disability Determinations Under the Social Security Act

A claimant is disabled and therefore entitled to SSI benefits if she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also 20 C.F.R. § 416.905(a) (defining disability). A five-part sequential analysis is conducted to determine whether a claimant is disabled. See 20 C.F.R. § 416.920(a)(4).

The Second Circuit has described this analysis as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam)).

In assessing whether a claimant has a disability, the factors to be considered include: "'(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience.'" Alcantara v. Astrue, 667 F.

5

Supp. 2d 262, 274 (S.D.N.Y. 2009) (quoting Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980)). The claimant bears the burden of proof with respect to all but the fifth step of the five-step process for determining eligibility for benefits. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004). "If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the [Commissioner] to prove in the fifth step that the claimant is capable of working." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996).

"When a claimant seeks review of a Social Security hearing regarding disability benefits, the court's function is not to determine whether the appellant is disabled." Sava v. Astrue, No. 06 Civ. 3386 (KMK) (GAY), 2010 WL 3219311, at *1 (S.D.N.Y. Aug. 12, 2010) (citing Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). A district court reviewing a denial of Social Security benefits will "set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Rosa, 168 F.3d at 77.

## II. THE ALJ'S DECISION

Here, the ALJ applied the analytical framework set forth above in determining that Plaintiff is not entitled to Disability Benefits Insurance and SSI benefits. (R. 12-20) The ALJ found at step one that Plaintiff had not "engaged in substantial gainful activity since February 20, 2013, the alleged onset date." (Id. 13) At step two, she found that Plaintiff had severe impairments of "knee injury bone bruise," "bursitis chronic tendinosis," and "spine lumbar lordosis, straightening, loss of disc height." (Id.) At step three, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Id.) In making this determination, the ALJ gave "[s]pecific consideration . . . to listing 1.02 Major dysfunction of a joint(s) (due to any cause) and 1.04 Disorders of the spine." (Id. 14)

6

Before proceeding to step four, the ALJ determined that Plaintiff

> has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she requires a sit/stand option at will with no periods of prolonged standing. When up and about, she needs to hold a cane in her right dominant hand for balance and walking. She cannot kneel, climb scaffolding, crouch, crawl or squat. She cannot use foot controls or work around dangerous machinery or heights.

(Id.)

In determining Plaintiff's residual functional capacity, the ALJ gave "good" weight to the opinions of two specialists in orthopedic surgery, because of "the consistency of their opinions with their examination findings." (Id. 17) The ALJ also gave "good" weight to the opinion of Dr. Long, a "consultative internist." (Id. 18) Dr. Long opined that Plaintiff could (1) sit for five minutes, stand for five minutes, and walk for 10 minutes at one time without interruption; (2) stand for five minutes and walk for 10 minutes at one time without interruption; and (3) sit for two hours, stand for three hours, and walk for three hours total in an eight-hour work day. (Id. 708-09) The ALJ found Dr. Long's opinion "'generally consistent with her examination findings and the overall medical evidence of record,' with the exception of Dr. Long's conclusion that 'the claimant could sit for a total of two hours and stand or walk for a total of three hours in an eight hour work day,' for which the ALJ found 'little objective basis in the record.'" (Id. at 18)

The ALJ found at step four that Plaintiff was unable to perform her past work as a dental assistant. (Id. 18-19). At step five, however, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a))." (Id. 19)

7

## III. THE MAGISTRATE JUDGE'S R&R

Judge Moses recommends that Plaintiff's motion for summary judgment be denied, and that the Commissioner's motion for judgment on the pleadings be granted. (R&R (Dkt. No. 20) at 19) After reviewing the medical evidence, Judge Moses concludes that "substantial evidence supported" the ALJ's determination that "[P]laintiff's condition did not meet or equal the criteria of Listing 1.02." (Id. at 22) Judge Moses likewise concludes that the ALJ's residual functional capacity determination is supported by substantial evidence and is "sufficiently definite." (Id. at 27) The ALJ found, and Judge Moses agrees, that Plaintiff "retained the capacity to perform sedentary work 'with a sit/stand option at will with no periods of prolonged standing.'" (Id. (quoting R. 14))

Regarding the weight the ALJ gave to Dr. Long's opinion, Judge Moses notes that

> an ALJ's RFC determination need not "perfectly correspond with any of the opinions of medical sources cited in his decision." Matta [v. Astrue], 508 F. App'x [53,] 56 [(2d Cir. 2013) (summary order)]. See also Green v. Saul, 2019 WL 2996502, at *9 (S.D.N.Y. June 19, 2019) ("the ALJ's determination need not completely adopt any single medical opinion."), report and recommendation adopted, 2019 WL 2992088 (S.D.N.Y. July 9, 2019); Young v. Berryhill, 2018 WL 2752443, at *2 (W.D.N.Y. June 8, 2018) ("It is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination.") (collecting cases); Butler v. Comm'r of Soc. Sec., 2017 WL 2834482, at *8 (N.D.N.Y. June 29, 2017) ("It is well-recognized that the ALJ need not adopt any opinion in its entirety, but rather is entitled to weigh all the evidence and adopt the limitations supported by the evidence.") (collecting cases). The question is, instead, whether the ALJ's conclusion was "supported by the record as a whole." Tricarico v. Colvin, 681 F. App'x 98, 101 (2d Cir. 2017).
>
> Here, the record as a whole supported the ALJ's determination that plaintiff could perform sedentary work with "a sit/stand option at will with no periods of prolonged standing" (R. 14), notwithstanding Dr. Long's opinion. Two consultative examiners – Dr. Elfenbein and Dr. Barschi – opined that plaintiff was capable of working with various limitations, including no "prolonged" or "long" walking, yet identified no limitation on plaintiff's ability to sit for a prolonged period. (R. 325, 331, 336.) Moreover, the limitations identified by Dr. Long as to plaintiff's ability to sit and stand for no more than five minutes each greatly exceeded plaintiff's reports to Dr. Fkiaras (who she told on June 23, 2014, two

8

month after her surgery, that she had "difficulty standing for more than 20 minutes [and] sitting for more than 20 minutes," and who found only a "moderate" limitation to plaintiff's ability to sit) and to Dr. Villafuerte (who she told on June 22, 2015 that she could sit and stand for 30 minutes each before an increase in lower back pain). (R. 415, 417-18, 690.) These inconsistencies with Dr. Long's sit/stand conclusions reasonably brought into question her related conclusion of how long plaintiff could sit in one day. Further, nothing in the objective medical evidence (including X-rays of plaintiff's left knee showing "no fracture or dislocation" with "joint spaces [] relatively well maintained" (R. 262, 355, 707), and no significant bony abnormality (R. 707)) tended to support a finding that plaintiff was unable to sit for more than two hours in an eight-hour workday. Finally, plaintiff herself testified that she spent the "whole day" in the area of her house where her mother runs a daycare, "sitting down and watch[ing] the kids," standing or laying down every five or ten minutes, and then sitting back down (R. 47-48); Dr. Long's opinion that plaintiff could sit for no more than two hours in an eight-hour workday was irreconcilable with that testimony.

(Id. at 25-27)

## IV. ANALYSIS

Plaintiff objects to that portion of Judge Moses's R&R that addresses the ALJ's treatment of Dr. Long's opinion. (Pltf. Br. (Dkt. No. 21) at 4-5). Plaintiff states that she "does not disagree with the Magistrate Judge's assertion that the ALJ has no duty to adopt Dr. Long's opinion in its entirety." (Id. at 5) However, the "ALJ should have, at least, afforded consideration" to the "portion of Dr. Long's opinion probative of Plaintiff's disability," which provided that "Plaintiff can only sit 2 hours total in an 8-hour day, 5 minutes a time." (Id.) Plaintiff contends that "the ALJ's failure to consult a medical expert's opinion before overlooking or rejecting this portion of Dr. Long's opinion is also in error." (Id.) Plaintiff cites no case law in support of her arguments.

An "ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision" because the ALJ is "entitled to weigh all of the evidence available to make a [residual functional capacity] finding that [is] consistent with the record as a whole." Matta, 508 F. App'x at 56 (citing Richardson v. Perales, 402 U.S. 389, 399 (1971) ("We

9

therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.")).

Here, as Judge Moses notes, the record as a whole supports the ALJ's determination that Plaintiff has the residual functional capacity to perform sedentary work with "a sit/stand option at will with no periods of prolonged standing" (R. 14), notwithstanding Dr. Long's opinion. (R&R (Dkt. No. 20) at 25) Two other orthopedic experts – Joseph C. Elfenbein, M.D. and Martin Barschi, M.D. – opined that Plaintiff was capable of working with various limitations, including no "prolonged" or "long" walking, but identified no limitation on Plaintiff's ability to sit for a prolonged period. (R. 325, 331, 336) In addition, the five minute sit and stand limitations identified by Dr. Long are far more restrictive than Plaintiff herself reported. On June 23, 2014, Plaintiff told John Fkiaras, M.D., that she had "difficulty standing for more than 20 minutes [and] sitting for more than 20 minutes." (Id. 415) Similarly, on June 22, 2015, Plaintiff told Albert Villafuerte, M.D., that she experienced "increased low back pain after sitting for half-an-hour and standing for half-an-hour." (Id. 690) Given the differences between Dr. Long's opinion and those of other medical experts, and Plaintiff's inconsistent reports about how long she could sit and stand without discomfort, the Court sees no error in the ALJ's finding that "there [was] little objective basis in the record" for Dr. Long's conclusions that Plaintiff could sit and stand for no more than five minutes, and sit for only two hours "during the course of an eight hour work day." (Id. 18)

Plaintiff also argues that – before rejecting Dr. Long's opinion – the ALJ was required to consult yet another medical expert to resolve any inconsistencies in the record regarding the length of time Plaintiff is capable of sitting or standing. (Pltf. Obj. (Dkt. No. 21) at 5) Plaintiff cites no law in support of this proposition.

When evaluating medical opinions, an ALJ is entitled to weigh each opinion differently. "Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the ALJ] will give to that medical opinion." 20 C.F.R. § 404.152 Here, as noted above, Dr. Long's findings regarding the length of time Plaintiff could sit or stand were inconsistent with the record as a whole. Accordingly, the ALJ was entitled to give her opinion less weight; the ALJ was not required to consult another medical expert to opine on the limitations identified by Dr. Long.

As is often the case, there was some conflict in the medical evidence, but there were no gaps in the administrative record requiring further medical consultation. The ALJ reviewed the findings and opinions of eight physicians, treatment records from 2013 to 2015, MRIs, and X-rays. (R. 13-18) Because "there are no obvious gaps in the administrative record . . . , the ALJ [was] under no obligation to seek additional information in advance of rejecting a benefits claim." Rosa, 168 F.3d at 79 n.5.

As to the remainder of Judge Moses's R&R, the Court concludes that it is in all respects in accordance with the law, and that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Accordingly, the R & R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is adopted in its entirety. Plaintiff's motion for summary judgment (Dkt. No. 8) is denied, and the Commissioner's motion for judgment on the pleadings is granted. (Dkt. No. 11) The Clerk of

Court is directed to terminate the motions and to close this case.

Dated: New York, New York
September 20, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge